IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00053-EWN-MJW

MICHAEL DANIELSON,

Plaintiff,

v.

WAL-MART STORES, INC.,

Defendant.

---

**RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE THE AFFIRMATIVE
DEFENSES OF DEFENDANT WAL-MART STORES, INC.
(DOCKET NO. 19)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Plaintiff's Motion to Strike the Affirmative

Defenses of Defendant Wal-Mart Stores, Inc. (docket no. 19).  The court has reviewed

the motion and the response thereto (docket no. 32).  In addition, the court has taken

judicial notice of the court's file and has considered applicable Federal Rules of Civil

Procedure and case law.  The court now being fully informed makes the following

findings of fact, conclusions of law, and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff requests that this court strike the affirmative defenses of comparative

negligence, Act of God, and assumption of the risk.  Plaintiff argues that pursuant to

Vigil v. Franklin, 103 P.3d 322 (Colo. 2004), Defendant's "common law" defenses

alleged in response to Plaintiff's premise liability claim are unavailable to the

2

Defendant.  In Defendant's response, Defendant has confessed part of this motion by

withdrawing its "Act of God" affirmative defense.  As to the affirmative defenses of

comparative negligence and assumption of the risk, Defendant argues that such

defenses are not barred by Vigil, *supra.*

Here, the court finds that the basis of jurisdiction is diversity.  "[A]  federal court

sitting in diversity must apply state substantive law and federal procedural law."

Sofford v. Schindler Elevator Corp., 954 F. Supp. 1459, 1460 (D. Colo. 1997).

Moreover, the defense of comparative negligence is not a common law defense based

upon the duty of the tortfeasor.  See § 13-21-111, C.R.S.  Rather, it is a statutory

defense created by the General Assembly that is applicable where there is evidence

substantiating that both the Plaintiff and Defendant are at fault.  Gordon v. Benson, 925

P.2d 775, 777-78 (Colo. 1996).  Assumption of the risk is likewise codified by the

General Assembly.  See § 13-21-111.7, C.R.S.  Furthermore, comparative negligence

and assumption of the risk have no relation to the duties owed by a landowner, but

rather are related solely to the conduct of the Plaintiff.  Based upon the forgoing

reasons, and further based upon the detailed and correct legal analysis by Magistrate

Judge Patricia A. Coan in the case of Cole v. USA, 2005 WL 1606596 (D. Colo. July 8,

2005), this motion should be denied as to the affirmative defenses of comparative

negligence and assumption of the risk and granted as to the affirmative defense of Act

of God.

### RECOMMENDATION

**WHEREFORE,** based upon these findings of fact and conclusions of law, this

3

court **RECOMMENDS**:

1.   That Plaintiff's Motion to Strike the Affirmative Defenses of

Defendant Wal-Mart Stores, Inc. (docket no. 19) be GRANTED IN

PART AND DENIED IN PART.  It is RECOMMENDED that the

motion be GRANTED as to the Act of God defense and that the

Defendant's Act of God defense be stricken.  It is FURTHER

RECOMMENDED that the remainder of the motion be DENIED.

2.   That each party pay their own attorney fees and costs.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the**

**parties have ten (10) days after service of this recommendation to serve and file**

**written, specific objections to the above recommendation with the District Judge**

**assigned to the case.  The District Judge need not consider frivolous, conclusive,**

**or general objections.  A party's failure to file and serve such written, specific**

**objections waives *de novo* review of the recommendation by the District Judge,**

**Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.  Makin v. Colorado Dep't of**

**Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**

Done this 29th day of March 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge