IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–00053–EWN–PAC

MICHAEL DANIELSON,

    Plaintiff,

v.

WAL-MART STORES, INC.,
OVERHEAD DOOR CORPORATION, and
JOHN DOE CORPORATIONS NO. 1-3,

    Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

    This is a personal injury case. Plaintiff Michael Danielson asserts claims against Defendant Wal-Mart Stores, Inc. for: (1) negligent supervision, hiring, and training; (2) negligence; and (3) premises liability. This matter is before the court on "Defendant Wal-Mart Stores, Inc.'s Partial Motion to Dismiss Plaintiff's Counts I and II Pursuant to Fed. R. Civ. P. 12(b)(6)," filed February 15, 2006. Jurisdiction is based on 28 U.S.C. § 1332 (2006), diversity of citizenship.

**FACTS**

*1.     Factual Background*

The following facts are taken from Plaintiff's complaint. (First Am. Compl. for Personal Injuries ¶ 21 [filed Jan. 20, 2006] [hereinafter "Compl."].) On January 27, 2004, Plaintiff went to Defendant Wal-Mart's[1] store in Durango, Colorado to have a tire replaced. (*Id.* ¶ 21.) One of Defendant's tire store employees instructed Plaintiff to take his tire to the third bay of the store's garage to drop it off for replacement. (*Id.* ¶ 23.) As Plaintiff approached the third bay, another employee began lowering the bay's roll-down garage door. (*Id.* ¶ 24.) This employee then saw Plaintiff approaching, pushed the door back up, and directed Plaintiff to enter. (*Id.* ¶ 25.) As Plaintiff passed under the garage door, the door fell and struck Plaintiff's head. (*Id.* ¶ 26.) The force of the blow caused Plaintiff: (1) immediate pain, dizziness, and disorientation; and (2) various persisting injuries. (*Id.* ¶¶ 27–28.) Consequently, Plaintiff has incurred medical expenses, lost wages, and non-economic damages. (*Id.* ¶¶ 29–31.)

*2.     Procedural History*

On January 12, 2006, Plaintiff filed his complaint in this court. (Compl. for Personal Injuries [filed Jan. 12, 2006].) On January 20, 2006, Plaintiff filed his amended complaint. (Compl.) Plaintiff asserts claims against Defendant for: (1) negligent supervision, hiring, and training; (2) negligence; and (3) premises liability. (*Id.* ¶¶ 33–54.) Plaintiff also added separate

---

[1]This order applies only to Plaintiff's first and second claims, which are alleged exclusively against Defendant Wal-Mart. (*See* Compl. ¶¶ 33–44.) Accordingly, Defendant Wal-Mart is hereinafter referred to as "Defendant."

claims against certain garage door manufacturers in his amended complaint. (*Id.* ¶¶ 55–69.) On February 13, 2006, Defendant filed its combined answer, jury demand, and partial motion to dismiss. (Def. Wal-Mart Stores, Inc.'s Combined Answer, Jury Demand, and Partial Mot. to Dismiss Pl.'s Counts I and II Pursuant to Fed. R. Civ. P. 12(b)(6) [filed Feb. 13, 2006] [hereinafter "Answer"].) On February 15, 2006, Defendant filed a separate partial motion to dismiss, which is identical to the motion included in Defendant's combined answer. (Def. Wal-Mart Stores, Inc.'s Partial Mot. to Dismiss Pl.'s Counts I and II Pursuant to Fed. R. Civ. P. 12(b)(6) [filed Feb. 15, 2006] [hereinafter "Def.'s Br."].) In its motion, Defendant seeks dismissal of Plaintiff's claims for: (1) negligent supervision, hiring, and training; and (2) negligence. (*Id.* at 1.) Plaintiff filed his response on March 6, 2006. (Pl.'s Resp. to Def. Wal-Mart Store [sic] Inc.'s Partial Mot. to Dismiss [filed Mar. 6, 2006] [hereinafter "Pl.'s Resp."].) Defendant filed its reply on March 21, 2006. (Def. Wal-Mart Stores, Inc.'s Reply to Pl.'s Resp. to Def.'s Partial Mot. to Dismiss Pl.'s Counts I and II Pursuant to Fed. R. Civ. P. 12(b)(6) [filed Mar. 21, 2006] [hereinafter "Def.'s Reply"].) This matter is fully briefed.

## ANALYSIS

### 1. *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6) (2006). For the purposes of a Rule 12(b)(6) motion, a court should only dismiss the claim "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in

the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 [10th Cir. 1997]). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 [10th Cir. 1999]).

### *2. Evaluation of Claims*

As explained above, Defendant seeks dismissal of Plaintiff's claims for: (1) negligent supervision, hiring, and training; and (2) negligence. (Def.'s Br. at 1.) The parties do not dispute that Colorado law applies to the substance of both claims. I evaluate Plaintiff's claims below.

#### *a. Count II: Negligence*

Plaintiff voluntarily dismissed his claim for negligence after Defendant filed its partial motion to dismiss. (Pl.'s Resp. at 1.) Accordingly, I must dismiss the claim with prejudice.[2]

#### *b. Count I: Negligent Hiring, Retention, and Supervision*

Defendant contends that Plaintiff's Count I claim for negligent hiring, training, and supervision[3] is preempted by Colorado Revised Statute section 13–21–115, a statute concerning premises liability. (Def.'s Br. at 2.) Plaintiff argues Count I "is not a property-related claim, but a

---

[2]Plaintiff does not state whether he dismissed his claim with or without prejudice. In light of the ensuing analysis, I find it proper to dismiss Plaintiff's second claim with prejudice.

[3]Count I is titled "negligent hiring, training, supervision by [Defendant]." (Compl. at 5.) The nature of the claim is much broader than its ill-chosen title suggests. (*See id.*) Indeed, the gravamen of Count I is that Plaintiff suffered injury "[b]ecause there was no policy or enforcement of policy keeping customers out of service garages." (Pl.'s Resp. at 2.) Thus, Plaintiff also refers to his Count I claim as one for "negligent hiring, training, supervision, and policymaking." (*Id.*)

-4-

people-related claim" to which the statute does not apply. (Pl.'s Resp. at 2.) As such, Plaintiff argues dismissal of Count I "would be an unconstitutional denial of due process and the right of a citizen to come to court and hold large corporations accountable." (*Id.*) Accordingly, I must evaluate the premises liability statute and the Colorado Supreme Court's treatment thereof to determine whether Plaintiff's claim is preempted.

The "overriding purpose of the premises liability statute is to clarify and to narrow private landowners' liability to persons entering their land. . . . General negligence law would not provide such protection." *Pierson v. Black Canyon Aggregates, Inc.*, 48 P.3d 1215, 1219 (Colo. 2002). Subsection two of the premises liability statute provides that in "any civil action brought against a landowner [1] by a person who alleges injury occurring while on the real property of another [2] by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection [three] of this section." Colo. Rev. Stat. § 13–21–115(2) (2006). Subsection three delineates distinct duties a "landowner"[4] owes to a person on its premises based on such person's status as: (1) a "trespasser," (2) a "licensee," or (3) an "invitee." *Id.* § 13–21–115(3); *see Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004) (although the word "duty" does not appear in subsection three, "the status classifications in the subsection necessarily and clearly delineate the duty a landowner owes an injured trespasser, licensee, or invitee"). "Trespasser," "licensee," and "invitee" are defined

---

[4]"Landowner" is a defined term. *See* Colo. Rev. Stat. § 13–21–115(1) (2006) ("'[L]andowner' includes, without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property."). In his premises liability claim against Defendant, Plaintiff alleges Defendant was "in possession and control" of the property where he was injured. (Compl. ¶ 45.)

terms. *See* Colo. Rev. Stat. §§ 13–21–115(5)(a)–(c). A landowner owes an invitee[5] the duty to "exercise reasonable care to protect against dangers of which he knew or should have known." *Id.* § 13–21–115(3)(c)(I). This duty is less exacting than the common law duty of reasonable care that it supplants. *See Pierson*, 48 P.3d at 1218–19 (indicating the statute narrowed the ambit of landowner liability from the common law negligence standard that previously applied).

The Colorado Supreme Court recently engaged in a detailed analysis of the premises liability statute. *See Vigil*, 103 P.3d at 328–31. In order to answer the question whether the common law "open and obvious danger" defense survived the enactment of the premises liability statute, the *Vigil* court first addressed the preliminary question whether the statute preempted common law landowner duties. *Id.* at 328. The *Vigil* court held the plain language of subsections two and three of the statute "leaves no room for application of common law tort duties . . . and establishes the sole codification of landowner duties in tort." *Id.* Relying on this holding, the court further held the statute preempted the "open and obvious danger" defense. *Id.* at 330. Consequently, I find the statutory duty set forth in the premises liability statute supplants the common law duty of reasonable care upon which Plaintiff's Count I claim for negligent hiring, training, supervision, and policymaking is predicated. *See Vigil*, 103 P.3d at 328. Plaintiff does not argue that the circumstances surrounding his injury fail to satisfy the elements of subsection two—indeed, Plaintiff's Count III alleges premises liability against Defendant under the Colorado

---

[5]"'Invitee' means a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain." Colo. Rev. Stat. § 13–21–115(5)(a) (2006). Plaintiff alleges he was Defendant's invitee when he was injured. (Compl. ¶ 46.)

premises liability statute. (Compl. ¶¶ 45–54.) Accordingly, Plaintiff's Count I claim fails as a matter of law.

Plaintiff makes four arguments counseling against this result. First, Plaintiff contends that *Vigil* is distinguishable from the present case because the *Vigil* court "did not dismiss *any* of the plaintiff's claims." (Pl.'s Resp. at 6 [emphasis in original].) Plaintiff's argument is preposterous. *Vigil* is a discussion by the Colorado Supreme Court on the question whether common law duties owed by landowners to their guests survive the enactment of the premises liability statute. 103 P.3d at 328–39. Defendant's *entire* brief concerns the preemptive effect of that very statute on Plaintiff's common law claim. (Def.'s Br., *passim*.) I reject Plaintiff's attempt to distinguish *Vigil*.

Second, Plaintiff contends the statute does not apply to his Count I claim. Specifically, Plaintiff argues: "[n]o where [sic] does the Colorado statute address the type of corporate conduct, unrelated to the property itself and which [sic] occurs outside the boundaries of Colorado, which [Plaintiff] alleges in Count I. . . ." (Pl.'s Resp. at 5.) Plaintiff's argument is a red herring wrapped in inelegant prose. The existence of distant corporate conduct is entirely irrelevant to the question whether the statute applies to his claim. Subsection two of the premises liability statute simply requires examination of the circumstances surrounding a plaintiff's injury. Specifically, for the statute to apply to "any civil action brought against a landowner by a person alleging injury while on the real property of another," the two elements of subsection two must be satisfied. *See* Colo. Rev. Stat. § 13–21–115(2) (2006) (providing that the duties in subsection three apply in any civil action brought against a landowner by [1] a party who alleges injury while on the property of another [2] by reason of conditions, activities, or circumstances on such

property). Satisfaction of the subsection two inquiry triggers the preemption of common law duties by the statutory landowner duties set forth in subsection three. *See id.* (stating that when subsection two's requirements are satisfied, "landowners shall be liable only as provided in subsection [three]"); *id.* § 13–21–115(3)(c)(I) (articulating the duty a landowner owes to an invitee injured on the landowner's premises). Of course, a landowner's conduct—even if such conduct took place away from the premises where a guest was injured—is potentially relevant to the subsection three determination whether such landowner breached the applicable statutory duty owed to its injured guest. *See, e.g.*, *Casey v. Christie Lodge Owners Ass'n*, 923 P.2d 365, 367–68 (Colo. Ct. App. 1996) (examining evidence concerning landowner's knowledge of prior incidents of the kind that injured invitee in review of grant of summary judgment on issue of breach of statutory duty).

Third, Plaintiff contends: "Colorado appellate courts have never dismissed a cause of action for negligent hiring, retention, supervision and policy making [sic] . . . under the theory that such claims have been supplanted by the Colorado Premises Liability Act." (Pl.'s Resp. at 5.) While it may be true that Colorado courts have never so dismissed a claim precisely like Plaintiff's,[6] the great weight of authority supports the conclusion that when the elements of subsection two are satisfied, the statute mandates dismissal of claims predicated on *any* "theory of negligence, general or otherwise." *Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1461 (D. Colo. 1997); *see Vigil*, 103 P.3d at 329 ("[O]ur construction of the statute as preemptive and

---

[6]Plaintiff does not cite any legal authority that mentions, explains, or applies any aspect of his claim for negligent hiring, training, supervision, and policymaking. (Compl., *passim*; Pl.'s Resp., *passim*.) Nor does Plaintiff dispute Defendant's contention that claims such as those alleged in Plaintiff's Count I are common law claims. (*See* Def.'s Br. at 6; Pl.'s Resp., *passim*.)

exhaustive is consistent with case law from the court of appeals and the observations of authoritative Colorado tort commentators."); *Henderson v. Master Klean Janitorial, Inc.*, 70 P.3d 612, 613 (Colo. Ct. App. 2003) (stating the statute "provides the exclusive remedy against a landowner for injuries sustained on the landowner's property"); *Teneyck v. Roller Hockey Colo., Ltd.*, 10 P.3d 707, 709 (Colo. Ct. App. 2000) (the statute "provides the sole means of recovery for a plaintiff against a landowner"); *Thornbury v. Allen*, 991 P.2d 335, 340 (Colo. Ct. App. 1999) (stating plaintiff may recover against a landowner only pursuant to the statute "and not under any other theory of negligence, general, [sic] or otherwise"); *Calvert v. Aspen Skiing Co.*, 700 F. Supp. 520, 522 (D. Colo. 1988) (stating the statute "abrogates all common law claims for negligence"). Particularly germane to Plaintiff's Count I claim is *Casey*, 923 P.2d 365. The *Casey* plaintiff sued for an injury she suffered while she was an invitee at a lodge. 923 P.2d at 366. The court of appeals affirmed the trial court's refusal to allow the plaintiff to amend her complaint, which alleged only general negligence, to add claims for negligent supervision and negligent retention. *Id.* at 368. The court stated:

> [R]egardless of the fact that plaintiff's proposed amendment was described as a claim for "negligent supervision" or "negligent retention," because her contentions related to the condition of the property, or the activities conducted or circumstances existing on the property, plaintiff would still have been required to prove that [the defendant] failed to exercise reasonable care to protect against dangers of which it actually knew or should have known.

*Id.* (citing Colo. Rev. Stat. § 13–21–115[3][c][I]); *see also Vigil*, 103 P.3d at 329 (citing favorably to *Casey*). Thus, the statute replaced the common law duty applicable to the plaintiff's negligence-based claims with the unique statutory duty the lodge owner owed to the plaintiff as an invitee injured by reason of a condition, activity, or circumstance on the lodge property. *Id.* This

same analysis applies to bar Plaintiff's Count I claim for *negligent* hiring, retention, supervision, and policymaking. I have already determined that the statute applies to the circumstances of Plaintiff's injury. Accordingly, Plaintiff cannot allege that Defendant breached its duty of reasonable care under the negligence standard because, as its invitee, Defendant owed Plaintiff no such duty. *See* Colo. Rev. Stat. § 13–21–115(3)(c)(I) (2006); *Vigil*, 103 P.3d at 328. Thus, Plaintiff may only seek redress for his injury under the premises liability statute.

In light of the foregoing, Plaintiff's argument is nothing more than a request that this court jettison the narrow statutory duty applicable under the premises liability statute in favor of the more broad common law negligence standard of care. *See Pierson*, 48 P.3d at 1218–19 (indicating that prior to enactment of the statute, Colorado courts applied principles of general negligence to premises liability torts); *compare United Blood Servs. v. Quintana*, 827 P.2d 509, 519 (Colo. 1992) (negligence standard requires an actor "to conform his or her conduct to a standard of objective behavior measured by what a reasonable person of ordinary prudence would or would not do under the same or similar circumstances"); *with* Colo. Rev. Stat. § 13–21–115(3)(c)(I) (2006) (premises liability standard requires landowner to "exercise reasonable care to protect against dangers of which he knew or should have known" with respect to invitees). I decline Plaintiff's invitation to defy: (1) the plain language of the premises liability statute; (2) the express holding of the *Vigil* court; and (3) the Colorado General Assembly's intent to narrow the ambit landowner liability. *See id.* § 13–21–115(2); *Vigil*, 103 P.3d at 328; *Pierson*, 48 P.3d at 1219.

Finally, Plaintiff argues that if his common law claim is dismissed, he will be caught in a "horrible 'Catch-22'" wherein he not be able to hold accountable "corporate wrong-doers" who

work outside of Defendant's Durango location because the premises liability statute "is directed only at 'conduct or circumstances existing *on [the] property*.'" (Pl.'s Resp. at 6–7 [alteration and emphasis in original].) Plaintiff is confused. Plaintiff has alleged a premises liability claim. (Compl. ¶¶ 45–54.) Dismissal of Plaintiff's negligence-based claim will not deny him the opportunity to seek redress from "corporate wrong-doers" in connection with his premises liability claim. Nothing in the premises liability statute appears to prohibit Plaintiff from raising evidence of culpable corporate conduct—regardless of where such conduct occurred—that is relevant to the occurrence of Plaintiff's injury. *See generally* Colo. Rev. Stat. § 13–21–115 (2006); *see also* Fed. R. Evid. 401 (2006) ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Consequently, the "horrible 'Catch-22'" that Plaintiff descries is nothing more than an illusory corner into which Plaintiff has painted himself by virtue of his misinterpretation of the law.[7] Plaintiff's negligent training, hiring, supervising, and policymaking claim must be dismissed.

### 3. *Conclusion*

Based on the foregoing it is therefore ORDERED that:

1. Defendant's motion (#11) is GRANTED.

2. The hearing scheduled for Friday, August 18, 2006, is VACATED.

---

[7]Plaintiff's further assertion that dismissal of Count I "would be an unconstitutional violation under both the state and federal constitutions" suffers from the same infirmity. (*See* Pl.'s Resp. at 5, 7.)

Any final judgment entered at the conclusion of the case will include a judgment in favor of Defendant and against Plaintiff, dismissing Plaintiff's claims (Counts I and II) against Defendant Wal-Mart with prejudice.

Dated this 16th day of August, 2006

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge